\* **NOT FOR PUBLICATION** \*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHRISTOPHER CASTELLUZZO et al.<br>                              Defendants. | Crim. No. 13-560 (FLW/DEA)<br>OPINION |

**WOLFSON, United States District Judge:**

Luke Atwell and Christopher Castelluzzo (collectively, "Defendants") have been charged in a Superseding Indictment with a single count of conspiracy to distribute with intent to distribute various controlled substances from in or about November 2010 through in or about April 2013, in violation of 21 U.S.C. § 846. Presently before the Court is the Government's motion *in limine* to admit the evidence of defendant Castelluzzo's past convictions for impeachment purposes in the event that Castelluzzo testifies. Castelluzzo opposed the Government's motion.

While the Court decided the motion at oral argument, which took place on Tuesday, May 26, 2015, and placed the Court's ruling on the record, in this written opinion the Court expands upon the issues raised by Defendants and the Government.

For the reasons set forth on the record, and for the reasons set forth in this Opinion, the Government's motion is GRANTED as follows. Castelluzzo's 2008 theft by deception conviction may be admitted. Castelluzzo's convictions for (1) possession of a controlled dangerous substance ("CDS") conviction, in 2006, and (2) possession of CDS with intent to distribute, and unlawful possession of a weapon, in 2008, may be admitted by reference to only two non-violent felony convictions and their dates.

**I.     Background**

Because I write for the benefit of the parties, I will only recount the relevant facts herein. The dates, nature, and sentences of Castelluzzo's prior convictions and sentences are as follows:

(1) July 17, 2006—possession of a controlled dangerous substance ("CDS"), N.J.S.A. § 2C:35-10a(1), sentenced to three years' probation and time served;

(2) May 28, 2008—possession of CDS with intent to distribute, N.J.S.A. § 2C:35-5a(1), and unlawful possession of a weapon, N.J.S.A. § 2C:39-5b; sentenced to ten years' imprisonment; and

(3) May 28, 2008—theft by deception, N.J.S.A. § 2C:20-4; sentenced to five years' imprisonment.

**II.    Standard of Review**

"Rule 609 permits evidence of a prior felony conviction to be offered to impeach a testifying witness." *United States v. Caldwell*, 760 F.3d 267, 286 (3d Cir. 2014). "However, when the testifying witness is also the defendant in a criminal trial, the prior conviction is admitted only 'if the probative value of the evidence outweighs its prejudicial effect to that defendant.'" *Id.* (quoting FED. R. EVID. 609(a)(1)(B)). An exception applies to the application of the heightened balancing test: "for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement." FED. R. EVID. 609(a)(2).

The Third Circuit "has recognized four factors to be considered when weighing the probative value against the prejudicial effect under this heightened test. These factors include: '(1) the kind of crime involved; (2) when the conviction occurred; (3) the importance of the [defendant's]

testimony to the case; [and] (4) the importance of the credibility of the defendant.'" *Id.* (quoting *Gov't of Virgin Islands v. Bedford*, 671 F.2d 758, 761 n.4 (3d Cir. 1982)).

**III.   Analysis**

   a. *Castelluzzo's Theft By Deception Conviction*

Evidence of Castelluzzo's March 28, 2008 conviction for theft by deception is admissible under Rule 609(a)(2) because "establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." FED. R. EVID. 609(a)(2). The Third Circuit, in interpreting Rule 609(a)(2), has held that "a judge has no authority to prohibit the government's effort to impeach the credibility of a witness by questions concerning a prior *crimen falsi* conviction"—i.e., a "crime[] involving dishonesty or false statement." *United States v. Wong*, 703 F.2d 65, 66, 68 (3d Cir. 1983). "[T]he general balancing test of Fed. R. Evid. 403 is not applicable to impeachment by *crimen falsi* convictions under Fed. R. Evid. 609(a)(2)." *Id.* at 68.

Here, because "[a] person cannot be convicted of theft by deception unless he has obtained the property of another by purposely creating a false impression," *State v. Diorio*, 216 N.J. 598, 619 (2014), theft by deception is a crime that involves "dishonesty or false statement," and a conviction for theft by deception bears directly on a person's apparent ability to testify truthfully. Therefore, Castelluzzo's theft by deception conviction must be admitted under Rule 609(a)(2). *See United States v. Lloyd*, Crim. No. 95-0403, 1995 WL 672516, at *3 (E.D. Pa. Nov. 9, 1995) (admitting, under Rule 609(a)(2), convictions for theft by deception under Pennsylvania statute that is identical to New Jersey statute).

   b. *Castelluzzo's Other Two Convictions*

Regarding Castelluzzo's other two convictions, the Court will analyze each factor of the heightened balancing test in turn. First, as to the kind of crime involved, "courts consider both

the impeachment value of the prior conviction as well as its similarity to the charged crime. The impeachment value relates to how probative the prior conviction is to the witness's character for truthfulness . . . . [T]he balance tilts further toward exclusion as the offered impeachment evidence becomes more similar to the crime for which the defendant is being tried." *Caldwell*, 760 F.3d at 286.

Here, it is clear that Castelluzzo's convictions for possession and possession with intent to distribute CDS are similar to his current drug conspiracy charge. Therefore, allowing the Government to elicit the nature of Castelluzzo's prior drug convictions would, in the Court's opinion, be unfairly prejudicial and amount to impermissible propensity evidence. *See Caldwell*, 760 F.3d at 288. However, the Government has agreed to sanitize the prior convictions by stipulating that the convictions are non-violent and avoiding asking about the nature of the convictions. *See Caldwell*, 760 F.3d at 286 n.14 (discussing the possibility that redacting the facts underlying the prior conviction "is a viable way to reduce the prejudicial effect of the evidence" but counseling that "the probative value of a prior felony conviction will be diminished where the jury is not provided information about the prior conviction that would help in evaluating the extent to which the offense reflects on the defendant's veracity as a trial witness"). Further, given that Castelluzzo's theft by deception conviction is already being admitted, the additional prejudice of admitting the fact of Castelluzzo's other two convictions is relatively slight.[1] *See United States v. Johnson*, 302 F.3d 139, 152 (3d Cir. 2002) (finding under

---

[1] While *Caldwell* noted that "where the jury is already aware that the defendant is a convicted felon . . . the probative value is . . . diminished because introducing only the fact that the defendant has a prior history of unlawful behavior would not tell the jury anything it does not already know," 760 F.3d at 286 n.14, I find that case distinguishable on this proposition. In *Caldwell*, the defendant was charged with being a felon in possession of a weapon, so the jury knew from the outset that the defendant was a convicted felon. Here, Castelluzzo's prior criminal

4

the first factor that "the risk of unfair prejudice [is] relatively slim, as the jury already knew that there was an outstanding warrant for Johnson's arrest when he was taken into custody").

Second, as to the date of the prior convictions, Castelluzzo's convictions occurred in July 2006 and May 2008, nine and seven years ago, respectively. In *Caldwell*, the Third Circuit has stated:

> The age of a conviction may weigh particularly in favor of exclusion "where other circumstances combine with the passage of time to suggest a changed character." *Id.* For example, a prior conviction may have less probative value where the defendant-witness has maintained a spotless record since the earlier conviction or where the prior conviction was a mere youthful indiscretion. Conversely, the probative value of an older conviction may remain undiminished if the defendant was recently released from confinement or has multiple intervening convictions, both of which could suggest his character has not improved.

*Caldwell*, 760 F.3d at 287 (3d Cir. 2014). Here, Castelluzzo's convictions are older; however, he has had multiple convictions and was on parole for his 2008 convictions during part of the charged conspiracy's time frame, suggesting that his character has not recently improved.[2] *See, e.g.*, *Jackson v. City of Pittsburgh*, No. CIV.A 07-111, 2010 WL 2511380, at *4 (W.D. Pa. June 17, 2010) (finding that the testifying plaintiff's multiple past felony convictions "certainly establish a pattern of like behavior on Plaintiff's part and undermine his credibility"). Therefore, I find this factor weighs in favor of admitting the convictions.

Third and fourth, as to the importance of defendant's testimony to the case and the importance of defendant's credibility, respectively, the Third Circuit has stated, "[w]e acknowledge the tension between the related third and fourth factors . . . . Be that as it may, these factors have long been accepted as independent components of the Rule 609(a)(1) balancing

---

record would *only* be elicited for impeachment purposes; the jury has no present information relating to Castelluzzo's criminal history.

[2] Indeed, several of Castelluzzo's emails introduced by the Government that relate to the charged conspiracy were sent by Castelluzzo from the halfway house into which he entered following his release from incarceration.

inquiry and we conclude that they should continue to inform the district court's admissibility determination." *Caldwell*, 760 F.3d at 288 n.15. Here, it is clear that Castelluzzo's testimony is critical to his defense; indeed, he will have presented no defense to the Government's case if he does not testify. Therefore, the third factor of analysis weighs against admitting the convictions.

On the other hand, Castelluzzo's credibility is *also* critical precisely because he is the only witness slated to testify on his behalf and because his version of the events in question is central. *See United States v. Johnson*, 302 F.3d 139, 152 (3d Cir. 2002) (finding that the fourth factor weighed in favor of admitting the conviction because "[c]redibility was a major issue at trial because [the defendant's] defense depended on the jury believing his story . . ., and evidence of a felony conviction is probative of credibility"); *see also Jackson*, 2010 WL 2511380, at *4.

On balance, I find that that under Rule 609(a)(1), Castelluzzo's convictions may be admitted, but the nature of the convictions will be redacted and they will merely be referred to as two non-violent felony convictions, along with their dates. I find that by sanitizing the convictions in this manner, the probative value of the admitted convictions will outweigh any prejudicial effect. Introducing the facts and dates of the convictions and referencing them as non-violent felony convictions will allow the jury to accurately evaluate the credibility of Castelluzzo's testimony without admitting impermissible propensity evidence. *Johnson*, 302 F.3d at 153; *see also Caldwell*, 760 F.3d at 288 n.15.

### IV.     Conclusion

For the above reasons, the Government's motion *in limine* is GRANTED as follows. Castelluzzo's 2008 theft by deception conviction may be admitted. Castelluzzo's convictions for (1) possession of a controlled dangerous substance ("CDS") conviction, in 2006; and (2) possession of CDS with intent to distribute, and unlawful possession of a weapon, in 2008, may

be admitted by reference to only two non-violent felony convictions and their dates. An appropriate order shall follow.


Dated: May 29, 2015                                         /s/ Freda L. Wolfson_____
                                                            The Honorable Freda L. Wolfson
                                                            United States District Judge